UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA CAMELO,

    Plaintiff,

v.

PLUESE, BECKER &
SALTZMAN LLC, CENLAR
CORPORATION FSB, and NEW
JERSEY HOUSING MORTGAGE
FINANCE AGENCY,

    Defendants.
_____/

Case No. 2:23-cv-12598
District Judge Matthew F. Leitman
Magistrate Judge Kimberly G. Altman

**<u>REPORT AND RECOMMENDATION
TO GRANT DEFENDANT PLUESE, BECKER &
SALTZMAN LLC'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION (ECF No. 14)
AND
TO GRANT DEFENDANTS CENLAR CORPORATION FSB AND
NEW JERSEY HOUSING MORTGAGE FINANCE AGENCY'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT (ECF No. 19)
AND
TO DENY PLAINTIFF'S MOTION TO
AMEND COMPLAINT AS FUTILE (ECF No. 30)</u>**[1]

---

[1] Upon review of the parties' papers, the undersigned deems these matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

I.   Introduction

This is an action involving a mortgage and eventual foreclosure on real property located in New Jersey.  Plaintiff Theresa Camelo (Camelo), proceeding *pro se*, is suing defendants Pluese, Becker & Saltzman LLC (Pluese Becker), a New Jersey law firm involved in the foreclosure proceedings; Cenlar Corporation FSB (Cenlar), the servicer of the mortgage; and New Jersey Housing Mortgage Finance Agency (NJHMFA), the holder of the mortgage.  (ECF No. 1).  All pretrial matters have been referred to the undersigned.  (ECF No. 21).

Before the Court are (1) Pluese Becker's motion to dismiss for lack of personal jurisdiction, (ECF No. 14); (2) Cenlar and NJHMFA's joint motion to dismiss or, in the alternative, for summary judgment, (ECF No. 19); and (3) Camelo's motion to amend the complaint, (ECF No. 30).  All three motions are ready for consideration.  For the reasons set forth below, it is RECOMMENDED that Pluese Becker's motion to dismiss be GRANTED, Cenlar and NJHMFA's motion be GRANTED, and Camelo's motion to amend be DENIED AS FUTILE.  If these recommendations are adopted, this case will be dismissed in its entirety.

II.   Background

The following allegations are gleaned from either the complaint, (ECF No. 1), or the mortgage note, (ECF No. 19-1), that is attached to NJHMFA and Cenlo's

motion.[2]

On July 13, 2012, Camelo used NJHMFA to finance the purchase of a home located in Somerset, New Jersey. (ECF No. 19-1, PageID.143). Camelo alleges that she timely paid her mortgage payment every month up until the onset of the COVID-19 pandemic, at which point she fell behind on payments. (ECF No. 1, PageID.2). Camelo reached out to both NJHMFA and its mortgage servicer Cenlar to figure out how to catch up on payments. (*Id.*).

Rather than helping Camelo, Cenlar and their attorneys at Pluese Becker, engaged in a "joint enterprise and scheme to unjustly enrich themselves." (*Id.*, PageID.2-3). Specifically, Camelo alleges that Cenlar engaged in legal action against her while the parties were "in the midst of a loan workout process" in violation of federal law. (*Id.*, PageID.2-3). As a result of defendants' actions, Camelo was forced to file for bankruptcy. (*Id.*, PageID.3). Defendants' actions also constituted breaches of contract because Camelo's purchase of the home was induced by promises that she would be able to obtain a loan workout or

---

[2] When ruling on a motion to dismiss, "the Court can also consider the documents that a defendant attaches to its motion, but only to the extent that those documents are referenced in the [c]omplaint, or otherwise subject to judicial notice for some reason." *Becker v. PennyMac Loan Servs., LLC*, 583 F. Supp. 3d 1090, 1097 (S.D. Ohio 2022); *see also Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings." (citation omitted)). Thus, the undersigned can properly consider the mortgage note.

restructuring "in the case of undue, unforeseen hardship," like the one caused by the pandemic. (*Id.*, PageID.4-5).

In her twenty-four count complaint, Camelo appears to be asserting claims for breach of contract, Real Estate Settlement Procedures Act (RESPA) violations, and Racketeer Influenced and Corrupt Organizations Act (RICO) violations. (*Id.*, PageID.4-14). The gravamen of the complaint appears to be that Camelo should have been offered a loan modification under the mortgage contract.

III. Pluese Becker's Motion to Dismiss for Lack of Personal Jurisdiction

Pluese Becker argues that it should be dismissed as a defendant under Federal Rule of Civil Procedure 12(b)(2) because it "does no business in Michigan, has no [c]lients, employees, or offices in Michigan, and otherwise lacks any contact with Michigan sufficient to establish limited or [general] personal jurisdiction." (ECF No. 14, PageID.58).

A. Legal Standard

Under Rule 12(b)(2), "[t]he plaintiff bears the burden of establishing through 'specific facts' that personal jurisdiction exists over the non-resident defendant, and the plaintiff must make this demonstration by a preponderance of the evidence." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). Where the Court does not conduct an evidentiary hearing on the issue of personal jurisdiction in considering a Rule 12(b)(2) motion, the plaintiff "need only make a prima facie

showing of jurisdiction." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). The Court does "not weigh the facts disputed by the parties but instead consider[s] the pleadings in the light most favorable to the plaintiff." *Id.* The Court may, however, "consider the defendant's undisputed factual assertions." *Huizenga v. Gwynn*, 225 F. Supp. 3d 647, 654-55 (E.D. Mich. 2016).

"Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (cleaned up). The Sixth Circuit has held that "[w]here the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Children's Legal Servs., PLLC v. Shor Levin & Derita, PC*, 850 F. Supp. 2d 673, 679 (E.D. Mich. 2012) (quoting *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003)). "The Michigan Supreme Court has construed Michigan's Long–Arm Statute to bestow the broadest possible grant of personal jurisdiction consistent with due process." *Audi AG and Volkswagon of America, Inc. v. D'Amato*, 341 F.Supp.2d 734, 741 (E.D. Mich. 2004); *see also SFS Check, LLC*, 990 F. Supp. 2d at 771 ("Under Michigan law, limited personal

5

jurisdiction may be exercised over an individual if, for example, he or she (a) transacts any business within the state, (b) does or causes an act to be done, or consequences to occur, in the state, (c) or owns, uses, or possesses real or tangible personal property in the state." (citing MCL § 600.705)).

A court can constitutionally exercise limited personal jurisdiction over an out-of-state defendant where the defendant has "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); accord *Theunissen v. Matthews*, 935 F.2d 1454, 1459-61 (6th Cir. 1991). Minimum contacts are satisfied where the defendant has "purposely avail[ed] itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). " 'Purposeful availment,' the 'constitutional touchstone' of personal jurisdiction, is present where the defendant's contacts with the forum state 'proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State.' " *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (emphasis in original)). "The defendant's conduct must be such that he should reasonably anticipate being haled into court." *SFS Check, LLC*, 990 F. Supp. 2d at 771.

B. Analysis

In its motion, Pluese Becker explains that it was retained by NJHMFA and Cenlar to initiate a chancery action in New Jersey state court to foreclose on Camelo's mortgage. (ECF No. 14, PageID.61). As Pluese Becker points out, Camelo's complaint alleges wrongdoing related to the actions of NJHMFA and Cenlar during the loss mitigation process to which Camelo claims she was entitled, a process that Pluese Becker says did not involve it. (*Id.*, PageID.61-62). Ultimately, Pluese Becker explains that it

> is a limited liability company duly-organized under the laws of the state of New Jersey. Pluese Becker does not, and has never, done business in the state of Michigan, is not registered to conduct business in Michigan, and none of the attorneys employed by [Pluese] Becker are licensed to practice law in the state of Michigan. Pluese Becker's representation of its [c]lients in their [New Jersey] lawsuit against [ ] Camelo is insufficient grounds for personal jurisdiction here.

(*Id.*, PageID.62).

Given that Pluese Becker is challenging personal jurisdiction in this matter, Camelo, as the plaintiff, has the burden of establishing by a preponderance of the evidence, *Conn*, 667 F.3d at 711, "a prima facie showing of jurisdiction[,]" *CompuServe, Inc.*, 89 F.3d at 1262. She has not done so.

Under the jurisdiction heading in her complaint, Camleo arguably addresses personal jurisdiction by stating, "[d]efendants operate an enterprise, across state lines, in a manner violating law, which has harmed [plaintiff], and many hundreds

7

of others, to the benefit and profit of defendants." (ECF No. 1, PageID.2). This statement is insufficient to establish that this Court can exercise personal jurisdiction over Pluese Becker. Camelo does not say in which states Pluese Becker operates, let alone specify what particular actions occurred within the State of Michigan. Furthermore, in her response to the instant motions, Camelo does not address Pluese Becker's personal jurisdiction argument, choosing instead to only address the arguments raised in NJHMFA and Cenlar's motion. *See* ECF No. 29.

In order to make a successful prima facie showing of personal jurisdiction, Camelo needed to demonstrate that the following three factors were met:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). Pluese Becker is a New Jersey law firm with no ties to Michigan. Its alleged actions relate solely to a mortgage of a New Jersey home and subsequent foreclosure proceedings related to that mortgage. In other words, the cause of action arises from Pluese Becker's alleged activities in New Jersey, not Michigan. Finally, given that Pluese Becker's alleged acts have no connection with Michigan, it would not be reasonable to exercise personal jurisdiction over it. Accordingly,

8

Camelo has not established a prima face showing of personal jurisdiction as to Pluese Becker by a preponderance of the evidence.

Pluese Becker also argues that Camelo's RICO claims cannot be used as a means to exercise personal jurisdiction over it. "When a plaintiff brings a civil RICO action in a district court where personal jurisdiction can be established over at least one defendant, nationwide summonses can be served on other defendants if required by the ends of justice." *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 440 (6th Cir. 2022).

> "There is no impediment to prosecution of a civil RICO action in a court foreign to some defendants if it is necessary, but the first preference, as set forth in § 1965(a) [of the RICO statute], is to bring the action where suits are normally expected to be brought. Congress has expressed a preference in § 1965 to avoid, where possible, haling defendants into far flung fora."

*Id.* (quoting *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71-72 (2d Cir. 1998)).

This case involves a mortgage on a New Jersey home, subsequent attempts to modify that mortgage, and a related foreclosure action. As such, this lawsuit would be expected to be brought in New Jersey. Therefore, the ends of justice do not require this Court to exercise personal jurisdiction over Pluese Becker, regardless of whether it has personal jurisdiction over NJHMFA or Cenlar. In

sum, Pluese Becker should be dismissed as a defendant in this action for lack of personal jurisdiction.

IV. Cenlar and NJHMFA's Motion to Dismiss or for Summary Judgment

Cenlar and NJHMFA argue that they are entitled to dismissal because Camelo fails to adequately plead any claims and, alternatively, they argue that they are entitled to summary judgment on the grounds of res judicata and judicial estoppel because Camelo failed to disclose this lawsuit as an asset when she filed for Chapter 13 bankruptcy.

### A. Legal Standards

#### 1. Motions to Dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of

10

the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

2. Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary

11

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Camelo is *pro se* does not reduce her obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary

12

judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

B. Analysis

Camelo asserts twenty-four causes of actions in her complaint. (ECF No. 1, PageID.4-14). These causes of action all reference at least one of the following: breach of contract, RESPA, or RICO. Camelo has not met the pleading standards for breach of contract nor the federal statutes.

The contract at issue is a mortgage for a New Jersey home. The undersigned assumes without deciding that New Jersey law governs the contract's interpretation.

Under New Jersey law, the elements of breach of contract are "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." *Harley Marine NY, Inc. v. Moore*, ___ F. Supp. 3d ___, ___, No. 1:23-cv-00163, 2024 WL 532496, at *7 (N.D.N.Y Feb. 9, 2024) (cleaned up). "So long as a plaintiff points to a contractual provision and alleges the requisite elements, a breach of contract claim will survive a motion to dismiss." *Id.* (internal quotation marks and citations omitted). Camelo does not

13

point to what contractual provision that defendants violated—she neither quotes a relevant provision nor provides a relevant provision as an attachment to her complaint. Therefore, Camelo's breach of contract claims should not survive the instant motion to dismiss.

Camelo's RESPA claims all appear to stem from Regulation X's prohibition on "dual tracking," which "prohibit[s] servicers from foreclosing on a borrower whose application has been deemed facially complete." *Hurst v. Caliber Home Loans, Inc.*, 44 F.4th 418, 424 (6th Cir. 2022). To survive dismissal, "[a] party must allege that she submitted '[a] complete loss mitigation application'—*see* 12 C.F.R. § 1024.41(b)(1)—as a prerequisite for recovery under 12 C.F.R. § 1024.41(g)." *Trudell v. Carrington Mortg. Servs., L.L.C.*, No. 1:16-cv-10441, 2016 WL 6080822, at *6 (E.D. Mich. Sept. 27, 2016), *report and recommendation adopted*, 2016 WL 6070124 (E.D. Mich. Oct. 17, 2016).

While Camelo alleges that the parties were in the "midst of a loan workout" and "engaged in a loan workout," (ECF No. 1, PageID.2-3), she never alleges that she submitted a complete loss mitigation application. Accordingly, Camelo has failed to state a claim under RESPA for a violation of Regulation X, and her RESPA claims should be dismissed.

As for Camelo's RICO claims, the pleading standard is even higher. Under Rule 9(b), claims for fraud must meet a heightened pleading requirement. When

14

pleading a RICO claim, plaintiffs cannot "merely lump multiple defendants together but" instead must "differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding [its] alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (cleaned up). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Id.* at 765.

Camelo routinely refers to "defendant" or "defendants" in her causes of actions alleging violations of RICO. By lumping defendants' alleged actions together, Camelo has failed to meet the requirement of Rule 9(b). Because the Court cannot discern what alleged actions are attributable to a particular defendant, Camelo has failed to adequately plead any RICO claims. Thus, her RICO claims should be dismissed.

Given that Camelo has failed to state any claims, the Court need not consider Cenlar and NJHMFA's alternate argument that summary judgment is proper based on res judicata and judicial estoppel because Camelo failed to disclose this lawsuit in her bankruptcy proceedings. *See Nichols v. Cnty. of Wayne*, No. 18-12026, 2018 WL 6505360, at *4 n.3 (E.D. Mich. Dec. 11, 2018) ("Because [ ] relief is appropriate based upon Defendants' request for dismissal under 12(b)(6), the court need not address the alternative arguments for abstention

15

and summary judgment.").

## V. Camelo's Motion to Amend

Camelo recently filed an amended complaint, (ECF No. 30), that the undersigned has construed as a motion for leave to amend, (ECF No. 31). Defendants have responded in opposition to the motion. (ECF Nos. 32, 33).

### A. Legal Standard

Amendments to pleadings before trial are governed by Federal Rule of Civil Procedure 15(a). When Camelo filed her amended complaint, she could no longer amend her complaint as a matter of course under Rule 15(a)(1). Instead, she could only proceed under Rule 15(a)(2) which requires either "the opposing party's written consent or the court's leave." The rule provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.' " *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

"Despite this policy, denial may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of amendment*, etc.' " *Id.* at

443 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (emphasis added). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also Reid v. Detroit*, No. 18-13681, 2019 WL 6310956, at *3 (E.D. Mich. Nov. 25, 2019) ("The dispositive question here is whether Plaintiffs' proposed Second Amended Complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

B.   Analysis

Camelo's proposed amended complaint does not resolve any of the issues present in her original complaint. She does not provide facts supporting the Court's exercise of personal jurisdiction over Pluese Becker. She also does not further develop her claims for breach of contract, RESPA violations, or RICO violations. She still does not (1) point to a particular contractual provision that was violated; (2) allege that she submitted a completed loan modification application; nor (3) plead with particularity what each defendant's role was in the alleged fraud. As such, her amended complaint would be subject to dismissal for the same reasons as her original complaint. Thus, her motion for leave to amend should be denied as futile.

17

VI. Conclusion

For the reasons stated above, it is RECOMMENDED that (1) Pluese Becker's motion to dismiss for lack of personal jurisdiction, (ECF No. 14), be GRANTED; (2) Cenlar and NJHMFA's joint motion to dismiss or, in the alternative, for summary judgment, (ECF No. 19), be GRANTED; and (3) Camelo's motion to amend the complaint, (ECF No. 30), be DENIED AS FUTILE.  If these recommendations are adopted, this case will be dismissed in its entirety.

Dated: May 30, 2024                                    s/Kimberly G. Altman
Detroit, Michigan                                         KIMBERLY G. ALTMAN
                                                                      United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 30, 2024.

                                             s/Julie Owens  
                                             Acting in the absence of  
                                             CAROLYN CIESLA  
                                             Case Manager